# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SIDNEY MARTS,**

    Petitioner,

v.                                                Case No. 4:19cv228-RH/CAS

**MARK S. INCH, Secretary,**
Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On or about May 16, 2019, Petitioner Sidney Marts, a Florida state prisoner proceeding pro se, filed a petition for writ of habeas corpus in which he appeared to challenge a disciplinary report issued "on or about January 22, 2019." ECF No. 1 at 2. Because he did not submit the petition on the appropriate form, this Court directed him to do so and also pay the required $5.00 filing fee or file a motion for leave to proceed in forma pauperis. *See* ECF No. 3. Petitioner paid the filing fee, *see* ECF No. 8, and ultimately filed a habeas corpus petition on a § 2241 form, *see* ECF No. 9.

On September 30, 2019, Respondent filed a motion to dismiss, with exhibits. ECF No. 19. Petitioner has filed a "Cross-Motion to Dismiss w/Application for a Limited Order to Stay and Hold Federal Habeas in

Abeyance Based upon Petitioner's Attached Affidavit," with exhibits, considered as a reply by the Court, ECF No. 22, as well as an "Addendum to Petitioner's Cross-Motion to Dismiss," ECF No. 27.   *See* ECF No. 24 (additional copy of motion (original at ECF No. 22 at 1-8)), ECF No. 23 (additional copy of affidavit (original at ECF No. 22 at 10-14)), ECF No. 26 (additional copy of exhibit list (original at ECF No. 22 at 9)).   Petitioner has also filed a motion to supplement the record with case law, ECF No. 25, which is granted.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the pleadings and attachments before the Court show that Respondent's motion should be granted and the petition should be dismissed.   *See* Rule 4, R. Gov. § 2254 Cases (allowing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Background**

Petitioner Marts, currently confined at Gulf Correctional Institution in Wewahitchka, Florida, is serving a sixteen-year prison sentence pursuant to a 2008 conviction in Case No. 2007-CF-06067 from the First Judicial Circuit Court, Escambia County, having been convicted of fraudulent use of personal identification information, uttering a forged instrument, grand theft, and resisting an officer with violence.   *See* Marts v. Inch, No. 4:19cv054-RH/CAS, ECF No. 15 at 2 (Report and Recommendation); Marts v. Jones, No. 3:17cv651-LC/CAS, ECF No. 12 at 2 (Report and Recommendation); *see also, e.g.*, Marts v. Fla. Dep't of Corr. Sec'y, 4:16cv783-WS/CAS, ECF No. 1; Marts v. United States, 3:16cv587-MCR/CJK, ECF No. 8 at 1-2 (Report and Recommendation); Marts v. Jones, 3:15cv399-RV/EMT. Marts has filed other § 2241 petitions in this Court.   *See* Marts v. Inch, No. 4:19cv054-RH/CAS; Marts v. Fla. Dep't of Corr. Sec'y, No. 4:16cv783-WS/CAS; Marts v. United States of America, No. 3:16cv587-MCR/CJK; Marts v. Jones, No. 3:16cv453-LC/EMT.   He has also previously sought relief pursuant to 28 U.S.C. § 2254.   *See* Marts v. Jones, No. 3:15cv399-RV/EMT; Marts v. Sec'y, Fla. Dep't of Corr., No. 3:13cv025-MCR/EMT; Marts v. Tucker, No. 3:10cv240-LC/EMT; Marts v. McNeil, No. 3:08cv250-

RV/EMT.

In this § 2241 petition, Marts indicates he challenges his conviction, sentence, and prison disciplinary action, specifically referencing the saving clause. ECF No. 9 at 2. He raises four grounds: (1) "Unavailability of an adequate state corrective process[,] Title 28 U.S.C. § 2254(B)(i)(ii), U.S.C.A. 14th," ECF No. 9 at 4; (2) "Suspension of writ of habeas corpus in violation of U.S.C. Art. 1 § 9 cl. 2, Fla. Const. Art. 1, & 28 U.S.C. § 2241 (C)(3)," ECF No. 9 at 4; (3) "Sanction orders imposed in violation of Federal and State separation of powers doctrine Art. III sect. 2 U.S.C. & Fla. Const. Art. II Sect. 3," ECF No. 9 at 9; and (4) "Disciplinary sanctions imposed in violation of U.S.C.A. 14th," ECF No. 9 at 9. He requests this Court grant him relief under the saving clause and "vacate all sanction orders, with orders he be discharge for an illegal sentence that does not qualify for prison." *Id*. at 16.

In its motion to dismiss, Respondent asserts Marts did not exhaust his available administrative and state court remedies regarding his claims, and he is now procedurally barred from bringing these claims. ECF No. 19 at 1. Respondent asserts Marts seeks removal of a disciplinary report from his record and restoration of forfeited gain time. ECF No. 19 at 2, 4;

*see* ECF No. 9 at 9, 12-13, 16.   Respondent notes that Marts' petition is subject to both § 2241 and § 2254.   ECF No. 19 at 2.

## Analysis

As explained to Petitioner in his other cases, although he has labeled his request for habeas relief as arising under 28 U.S.C. § 2241, this action is also governed by 28 U.S.C. § 2254 because he is "in custody pursuant to the judgment of a State court."   28 U.S.C. § 2254(a); *see* <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that state prisoner in custody pursuant to state court criminal conviction has single habeas corpus remedy, governed by § 2241 and § 2254, and that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254").   *See also* <u>Marts</u>, 4:16cv783, ECF No. 7 at 3; <u>Marts</u>, 3:16cv587, ECF No. 8 at 3; <u>Marts</u>, 3:16cv453, ECF No. 8 at 3 (Report and Recommendation).   As also explained to Petitioner in his other cases, under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); *see* <u>Marts</u>, 4:16cv783 at 3; <u>Marts</u>, 3:16cv587, ECF No. 8 at 3;

Marts, 3:16cv453, ECF No. 8 at 3. And, as previously explained to Petitioner, he has already filed several § 2254 habeas corpus petitions in this Court, challenging this judgment and sentence. See Marts, 3:15cv399, ECF No. 32 (Report and Recommendation detailing previous § 2254 cases filed by Marts).

Thus, to the extent Marts here challenges his judgment and sentence, this Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. See 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file successive petition). Nothing indicates Marts has obtained authorization to file a successive habeas petition, and he has previously been advised of this requirement. Petitioner Marts cannot avoid this requirement by labeling his petition as one under § 2241.

To the extent Marts argues the saving clause applies to allow review of his claims, this argument lacks merit. The saving clause applies only in limited circumstances, where federal prisoners do not have an adequate

and effective remedy under 28 U.S.C. § 2255.  *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017)

To the extent Marts challenges his disciplinary report and revocation of gain time, he has not exhausted his administrative remedies, as Respondent asserts.  Moreover, to the extent Marts challenges the Florida Supreme Court's imposition of sanctions for his frivolous filings, he was afforded due process in that proceeding and his challenge lacks merit, as this Court has previously explained.  *See* Marts v. Inch, No. 4:19cv054-RH/CAS, ECF No. 18 at 2 (Order of Dismissal).

## Conclusion

Petitioner's motion to supplement the record (ECF No. 25) is **GRANTED**.  For the reasons set forth above, Respondent's motion to dismiss (ECF No. 19) should be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 9) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2019.

S/ Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.